```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**PATRICK C. LYNN,**

                **Petitioner,**

        **v.**                                            CASE NO.  08-3293-RDR

**RAY ROBERTS,**
**et al.,**

                **Respondents.**

<u>**O R D E R**</u>

This is a petition for writ of habeas corpus, 28 U.S.C. § 2241, filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (EDCF).  Having examined the Petition, attachments and other materials filed by petitioner, the court finds as follows.

<u>**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**</u>

Petitioner has submitted a Motion to Proceed Without Prepayment of Fees (Doc. 2).  However, he has not provided all documents required by statute in support of his motion.  28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). While petitioner has submitted an affidavit, he has not provided a copy of his inmate account statement for the appropriate six-month period.  Because the court also finds that the Petition fails to state a claim, it will provisionally grant this motion for the sole purpose of screening

and dismissing the Petition.

**GROUNDS RAISED**

As grounds for this Petition, Mr. Lynn claims that he has been subjected to "unlawful court access rights restrictions" for over five years and other allegedly unconstitutional conditions of confinement[1]. He also claims he "is provably innocent" and was "wrongfully convicted"[2] in Johnson County District Court Case No. 96-CR-1654, and has been denied the right to "meaningfully litigate" his unlawful convictions as well as his unconstitutional conditions of confinement. Finally, petitioner complains of numerous alleged actions and inactions of state court judges and asks this court to order state court officials to take certain actions.

Petitioner asserts that he is in custody in violation of the United States Constitution and laws, and specifically cites the First and Fourteenth Amendments, as well as 18 U.S.C. §§ 241, 242[3]. He states he is "mentally traumatized" and asks the court to appoint counsel "to assist (him) in making coherent arguments and presenting

---

[1] The conditions of which Mr. Lynn complains include allegedly illegal confinement in administrative segregation; retaliatory actions by prison officials including an involuntary interstate transfer; restrictions on his writing, copying, and mailing materials; denial of phone privileges; interference with his legal and official mail; denial of equal treatment; and in 2000 an alleged attack without provocation while he was in restraints.

[2] Petitioner was convicted of aggravated burglary, aggravated kidnaping, rape, and aggravated sodomy. He alleges ineffective assistance of trial counsel, prosecutorial misconduct, denial of appeal rights, and many other challenges to his state convictions; that in 2004 a judge of the District Court of Johnson County, Kansas ordered the clerk of that court not to file his 60-1507 petition; and other "illegal" actions and decisions in connection with his state criminal and post-conviction proceedings.

[3] Neither 18 U.S.C. § 241 nor 18 U.S.C. § 242 constitutes a legal basis for plaintiff's claims herein. Both Sections 241 and 242 provide criminal penalties for certain deprivations of civil rights, and neither gives rise to a private, civil cause of action.

the facts and evidence." He also asks the court to "intervene" in his state post-conviction proceedings and order a state district court judge, a court-reporter, and others to take certain actions in state proceedings. In addition, he asks the court to declare IMPP 12-127, which presumably sets forth limits on writing and mailing materials provided to indigent inmates, unconstitutional. He further asks the court to order "prison officials" to return his legal papers confiscated in 2003 and confiscated legal mail. He moves the court to hold a video telephone conference for oral arguments and to appoint counsel.

**SCREENING**

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. An initial review of the Petition filed in this case reveals that it fails to state a cognizable claim under 28 U.S.C. § 2241, and must be dismissed.

The multitude of claims raised in this action fall into three categories: habeas corpus challenges to petitioner's convictions, civil rights complaints regarding his conditions of confinement and particularly his right of access; and requests for mandamus relief or intervention in state court proceedings. As the court explains hereinafter, none of these categories of claims are grounds for relief under 28 U.S.C. § 2241. Nonetheless, petitioner has intentionally raised them all in this petition explicitly brought

3

under § 2241.

The federal habeas corpus statutes grant district courts jurisdiction to entertain petitions for habeas corpus relief only for persons who are in custody in violation of the constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  A claim brought pursuant to 28 U.S.C. § 2241 is cognizable if it attacks the execution of a prisoner's sentence as it affects the fact or duration of the prisoner's confinement.  See, e.g., Overturf v. Massie, 385 F.3d 1276, 1278 (10th Cir. 2004).  Section 2241 allows a petitioner to attack the execution of a sentence in the district where he is confined[4].

**CLAIMS ATTACKING STATE CONVICTIONS**

Challenges to Mr. Lynn's state convictions are challenges to the fact or duration of his confinement.  The United States Supreme Court has explicitly stated that:

> When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

Preiser v. Rodriquez, 411 U.S. 475, 500 (1973); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement

---

[4]   28 U.S.C. § 2241 provides as follows:

Power to grant writ

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

4

and seeks the remedy of immediate release or a shortened period of confinement."). A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence. Id. at 811; See McIntosh, 115 F.3d at 811-12 (A challenge to the validity of an inmate's conviction and sentence should be brought under § 2254, while an attack on the execution of his sentence is properly brought pursuant to § 2241.); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). In the recent words of the Tenth Circuit Court of Appeals:

> "Section § 2241 is a vehicle for challenging pretrial detention, see Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007), or for attacking the execution of a sentence, see Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005). A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

Yellowbear v. Wyoming Atty. Gen., 525 F.3d 921, 924 (10th Cir. 2008). Petitioner's habeas claims herein clearly challenge the legality of his conviction or sentence, not pre-trial detention or the execution of his sentence. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Mr. Lynn's habeas claims must be brought in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and are not cognizable under § 2241.

The court has considered whether to re-characterize this action as one brought under 28 U.S.C. § 2254. See Castro v. United States, 540 U.S. 375, 377 (2003)(recognizing long-standing practice of federal courts to treat request for habeas relief under proper statutory section where pro se prisoner has labeled the petition

5

differently). However, because AEDPA places some strict limitations on habeas petitions, a district court must follow certain procedures, including notification, before re-characterizing pro se pleadings as claims under § 2254. See Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005)(because the Antiterrorism and Effective Death Penalty Act "places strict limitations on second and successive claims . . . a district court must follow certain procedures before recharacterizing pro se pleadings as claims under § 2254").

Of particular relevance here, 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 and further provides that:

> [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A); Davis, 425 F.3d at 835; Yellowbear, 525 F.3d at 924. "A district court does not have jurisdiction to address the merits of a second or successive . . . 2254 claim until (the Tenth Circuit) has granted the required authorization." Id. at 1251, *citing* United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006). When a petitioner files a second or successive petition in this district court without the required authorization, the Court should transfer the action to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for the requisite authorization, if the interest of justice would be served. In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

This court takes judicial notice that Mr. Lynn has filed a

6

prior § 2254 petition in this federal district, which was denied; and its denial was affirmed on appeal. <u>Lynn v. Roberts</u>, Case No. 03-3464-JAR (D.Kan., Nov. 1, 2005), <u>aff'd</u>, Appeal No. 05-3470 (10th Cir., Dec. 28, 2006). He does not demonstrate that he has received prior authorization from the Tenth Circuit Court of Appeals for consideration of a second 2254 petition. Mr. Lynn may not circumvent the statutory restraints on successive § 2254 petitions by presenting his challenges to his state convictions as claims under § 2241[5].

**CLAIMS ATTACKING CONDITIONS OF CONFINEMENT**

An attack on the constitutionality of the conditions of a prisoner's confinement is not cognizable in a habeas corpus proceeding. <u>See</u> <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004)("constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of [the 'core' of habeas corpus]"); <u>see</u> <u>also</u> <u>Rael v. Williams</u>, 223 F.3d 1153, 1154 (10th Cir. 2000)(Federal claims challenging the conditions of confinement generally do not arise under § 2241.). In order to state a claim under § 2241, a petitioner must challenge the fact of, and not merely the conditions of confinement. <u>See</u> <u>McIntosh</u>, 115 F.3d at 812 (A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's

---

[5] This case was not filed, and is not treated, as a § 2254 petition. If it were, it would clearly be successive. Should petitioner hereafter file a petition attacking his state convictions properly styled as one under § 2254, he must seek prior authorization in accordance with 28 U.S.C. § 2244(b)(3).

7

confinement.); see also Sherratt v. Friel, 263 Fed.Appx. 664 at *1 (10th Cir. Feb. 4, 2008)[6] (affirming district court's dismissal of prisoner's suit brought under § 2254 attacking prison conditions as unconstitutional, noting that such claims must be brought in a § 1983 action). As the Tenth Circuit reasoned:

> There are logical distinctions between prison condition suits brought under civil rights laws and execution of sentence matters brought under § 2241. See, e.g., United States v. Furman, 112 F.3d 435, 438-39 (10th Cir. 1997)(challenges to good-time credit and parole procedure go to execution of sentence and should be brought under § 2241; challenges to conditions of confinement and related civil rights allegations should be brought pursuant to civil rights laws); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995)(per curiam)(if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is 42 U.S.C. § 1983), cert. denied, 516 U.S. 1059 (1996); Falcon v. United States Bureau of Prisons, 52 F.3d 137, 138 (7th Cir. 1995)(if prisoner is seeking "quantum change" in the level of custody, such as freedom, remedy is habeas corpus; if he is seeking a different program or location or environment, then challenge is to conditions, rather than fact, of his confinement and remedy is under civil rights law); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991).

McIntosh at 812. In short, Mr. Lynn's conditions-of-confinement claims must be raised in a civil rights action under 42 U.S.C. § 1983. Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001)("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus," while those "who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g. conditions of

---

[6] Copies of this and other unpublished opinions cited herein are attached to comply with rules of the Tenth Circuit Court of Appeals.

confinement, must proceed under Section 1983 or Bivens.")(citation omitted)), *judgment vacated on rehearing and dismissed as moot due to transfer of inmate*, 268 F.3d at 953 (10th Cir. 2001); see also e.g., Abdulhaseeb v. Ward, 173 Fed.Appx. 658 (10th Cir. March 27, 2006, unpublished)(prisoner's allegations concerning improper placement and confinement in restrictive housing unit related to conditions of confinement rather than fact or length of confinement and, therefore, were improperly brought pursuant to 28 U.S.C. § 2241); Huerta v. Hawk-Sawyer, 16 Fed.Appx. 916 (10th Cir., Aug. 9, 2001, unpublished)(federal prisoner's allegations challenging his transfer and segregated confinement were challenges to the conditions of his confinement and could not be brought in a § 2241 habeas action).

The court declines to liberally construe this Petition as a complaint under § 1983 because doing so "borders on advocacy." See Richards v. Bellmon, 941 F.2d 1015, 1019, FN 3 (10th Cir. 1991). It could also enable Mr. Lynn to circumvent the significant fee required to file a civil rights complaint. Mr. Lynn has previously been designated a three-strikes litigant. See Lynn v. Cleaver, 12 Fed.Appx. 676, 678 (10th Cir. 2001). Thus, the court must remind Mr. Lynn that "[i]n no event shall [he] bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] . . . unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). None of Mr. Lynn's allegations indicate he "is under imminent danger of serious physical injury." See White v. State of Colo., 157 F.3d 1226, 1231 (10th Cir. 1998). Mr. Lynn may not avoid the statutory restrictions on three-strikes litigants by characterizing his conditions-of-confinement claims as claims in a

§ 2241 petition.

Moreover, while a hybrid habeas corpus/civil rights action might be appropriate in a case where the two types of claims are related and proof would overlap; it is clearly inappropriate here where petitioner mixes pure 2254 claims with unrelated complaints regarding his conditions of confinement[7].

**REQUESTS FOR MANDAMUS ACTION**

A petition for writ of mandamus would be an appropriate process by which a petitioner might ask this court to compel actions by court officials. However, this court has mandamus authority over federal officials only. Under 28 U.S.C. § 1651, a United States District Court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Id. This court's mandamus power does not extend to state court officials. Thus, this federal court has no authority to "direct state courts or their judicial officers in the performance of their duties." Van Sickle v. Holloway, 791 F.2s 1431, 1436, FN5 (10th Cir. 1986), *quoting* Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970); White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998). Such relief must be sought by petitioner in the state courts.

---

[7] Civil rights complaints must also be in compliance with the rules governing joinder of claims and parties in the Federal Rules of Civil Procedure. Those rules, briefly summarized, allow all claims to be filed in one action against a single defendant. However, in order to add a second or more defendants, all claims against all named defendants must arise from the same transaction or set of transactions. See Fed.R.Civ.P. Rules 18, 20. Lynn's many different types of claims, based as they are on different sets of facts and involving different parties, could not be litigated in a single civil rights action.

**NO CLAIMS COGNIZABLE UNDER § 2241**

Petitioner does not allege that respondent or any state prison official has increased his sentence or deprived him of good-time credit. Thus, he has failed to allege a valid factual basis for a § 2241 petition. Even if any of petitioner's claims might be liberally construed as a viable ground for relief under § 2241, he does not allege facts showing he has fully exhausted such claims through prison administrative channels as well as through the courts of the state. Although § 2241 does not contain an express exhaustion requirement like § 2254, the Tenth Circuit has held that exhaustion is generally required in actions arising under § 2241. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.")(*citing* Coleman v. Thompson, 501 U.S. 722, 731 (1991)); see also Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986). "The exhaustion of state remedies includes both administrative and state court remedies." Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002).

**CONCLUSION**

In sum, the court concludes that this action must be dismissed for failure to state a claim under 28 U.S.C. § 2241. The court declines to give Mr. Lynn the opportunity to have his claims treated as brought under § 2254, § 1983, or as requests for mandamus relief for reasons stated herein.

If, in the future, plaintiff files either a habeas corpus petition under 28 U.S.C. §§ 2241 or 2254, or a civil rights complaint under 42 U.S.C. § 1983 in federal court, it must be

11

submitted on forms provided by the clerk of the court.  He may also obtain forms for filing an in forma pauperis motion from the clerk.  Court rules require that these actions be filed on the court-approved forms.  See D.Kan.Rule 9.1(a)(Petitions for writs of habeas corpus . . . and civil rights complaints by prisoners . . . shall be on forms . . . supplied without charge by the clerk of the court upon request.").

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is provisionally granted for the sole purpose of screening and dismissing the instant § 2241 Petition.

**IT IS FURTHER ORDERED** that this petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is dismissed for failure to state a cognizable claim.

**IT IS FURTHER ORDERED** that petitioner's "Ex Parte Motion for Orders and Request for Video Tele-Conference Oral Arguments" (Doc. 3), his Motion for Orders (Doc. 4) and his requests for preliminary relief and an evidentiary hearing imbedded in his Petition are denied as moot.

**IT IS SO ORDERED.**

**DATED:  This 24th day of December, 2008, at Topeka, Kansas.**

                                          **s/RICHARD D. ROGERS**
                                          **United States District Judge**